Mr. Bill Lowe, Human Resource Administrator Arkansas Department of Community Punishment Two Union National Plaza Building 105 West Capitol, 2nd Floor Little Rock, AR 72201-5731
Dear Mr. Lowe:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. § 25-19-101 to -109 (Repl. 1996 and Supp. 2001). Your question stems from an FOIA request made by an unsuccessful job applicant for the application, resume and other supporting documentation of the successful job applicant.
The Attorney General is directed by law to issue an opinion as to whether the custodian's determination regarding the release of the requested records is consistent with the FOIA. The Attorney General reviews the custodian's decision, if requested to do so. A.C.A. § 25-19-105(c)(3)(A) and (B). In this particular instance, I am unable to offer a conclusive response because I do not know what decision, if any, you have made to the public nature of the documents. Additionally, I have not been provided with copies of the requested documents and therefore cannot opine definitively as to their releasability. However, in order to provide you with guidance in this matter, I will set forth the legal standards for disclosability as they relate to the requested records.
APPLICATIONS
It should be initially stated that this office has regarded the job applications of successful job applicants as "personnel records," within the meaning of the FOIA. Ops. Att'y Gen. 95-244; 95-113 and 94-187. Such applications must therefore be scrutinized under the disclosability standard that is set forth in the FOIA for personnel records. Under that standard, personnel records are disclosable except to the extent that their disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12).
Previous Attorney General Opinions reflect that job applications are generally subject to inspection and copying with any exempt information deleted. See, e.g., Ops. Att'y Gen. 2001-080; 98-102; 97-042; 96-190; 95-291; 95-113; 94-187; 93-421; 93-263; 93-114 and 90-248. Not having reviewed the actual record, I lack sufficient information to determine what specific deletions are warranted. This office has previously stated, however, that personal identifiers such as social security numbers and unlisted telephone numbers should be excised prior to the records' release. See Ops. Att'y Gen. 2001-080 and 95-113. The release of specific test scores of individuals has been identified as a clearly unwarranted invasion of personal privacy. Ops. Att'y Gen. 99-002 and 97-033. Also, due to the heightened privacy interest involved, phone numbers and addresses of police officers should be withheld from publication. Ops. 2000-306 and 99-016.
RESUMES
Like applications, resumes of successful job applicants are "personnel records," within the meaning of the FOIA. Ops. Att'y Gen. 99-013 and 99-002. I, and my predecessors, have consistently opined that resumes are generally open to public inspection and copying with certain exempt information deleted. See Ops. Att'y Gen. 2001-091; 2001-080; 99-013 and opinions cited therein. Marital status of the employee and information about family life should in my opinion be redacted under A.C.A. §25-19-105(b)(12). See Op. Att'y Gen. 2000-168. Although I have previously opined that the names of personal references listed on a resume are subject to inspection and copying, I have also concluded that the disclosability of the home telephone numbers of such references will depend upon whether they are listed or unlisted and any special privacy interests attendant thereto. See Op. Att'y Gen. 2000-306.
SUPPORTING DOCUMENTATION
You have indicated that other records were requested under the FOIA, but these records are merely identified in your letter as "other supporting documentation." As previously stated, I have not been provided with copies of the requested documents and therefore cannot make a determination as to the nature of the information contained in them.
The custodian of the records has a duty to review the requested records and redact any information that qualifies for the above or any of various other exemptions. For example, if the record contains social security numbers, they should be redacted. See Op. Att'y Gen. No. 99-011, citing5 U.S.C. § 552a (the "Federal Privacy Act"). Similarly, unlisted telephone numbers should be redacted. See Ark. Op. Att'y Gen. No. 99-054. In addition, under certain specialized circumstances where the facts indicate that a particular individual has a heightened privacy interest, the home address and listed telephone number can be redacted as well.See Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998); Ark. Op. Att'y Gen. No. 99-054. Some of the documents may also fall within one of the FOIA's specific exemptions from disclosure, such as the exemption for medical, education, or tax records (A.C.A. § 25-19-105(b)).
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh